E-FILED
Thursday, 23 August, 2007  02:55:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Kushauntai L. Jones,
        Plaintiff

v.                                    Case No. 07-MC-1029

Jackson State University and Anthony Dean,
        Defendants

**ORDER**

This miscellaneous case was opened upon the motion [3] by Anthony Dean to quash a subpoena issuing by the Plaintiff from the Central District of Illinois for documents in the possession of Bradley University. That motion to quash is now fully briefed. I have carefully considered the arguments of the parties. As stated herein, the motion is granted.

The subpoena seeks production of documents for use in a case pending in the Southern District of Mississippi, Case No. 07-0072 Jones v. Jackson State University. In that case, plaintiff alleges that, while she was employed by Jackson State University in 2005 and 2006, she was sexually harassed by Anthony Dean and that he retaliated against her when she reported him. Before Dean was employed at Jackson State University, he was employed by Bradley University in Peoria, Illinois.

The subpoena in question commands Bradley, a non-party in the underlying lawsuit, to produce "[t]he entire personnel file of Mr. Anthony Dean including all dates of employment, reprimands and any investigation relating to inappropriate behavior." The production is to be made to plaintiff's counsel at an address in Jackson, Mississippi. The motion to quash challenges the facial validity of the subpoena as well as the relevance of the documents sought therein.

According to Mr. Dean, this subpoena should have issued from the Southern District of Mississippi, because it commands production in Mississippi. According to Plaintiff[1], the subpoena must issue from the Central District of Illinois because that is where Bradley University is located. Both parties have it partly right and partly wrong.

Fed.R.Civ.P. 45(a)(2)(C) provides that a subpoena for production of documents (if separate from a subpoena commanding attendance at trial or deposition) "must issue ... from the court for the district where the production or inspection is to be made." In other words, a subpoena commanding production in Jackson, Mississippi must issue from the Southern District of Mississippi, as that is the Court encompassing Jackson, Mississippi.

But a subpoena issued by the Southern District of Mississippi could not be served on Bradley University, located in the Central District of Illinois. Fed.R.Civ.P. 45(b)(2) provides that a subpoena may be served "at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the ...production ... specified in the subpoena." Since Peoria, Illinois is neither within Mississippi nor within 100 miles of Jackson, Mississippi, a subpoena issued by the Southern District of Mississippi to Bradley University could not properly be served and would therefore be without any force whatsoever. See, James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C.2002); Echostar Commc'ns Corp. v. News Corp., 180 F.R.D. 391, 397 (D.Colo. 1998); Klein v. O'Neal, Inc., 2006 wl 1295718, *1, May 20, 2006 (N.D. Tex.); Fleet Business Credit

---

[1] Counsel for Mr. Dean states that his paralegal was "instructed" by "the District Court for the Central District of Illinois" on how to acquire a miscellaneous case number for the subpoena to be issued," suggesting that this "instruction" somehow supports the subpoena's facial validity. Any "instruction" could have come only from a member of the staff of the Clerk of the Court and not from the Court itself. No staff clerk is qualified or authorized to offer legal advice, and anything that may have been said cannot be interpreted as such.

Corp. v. Hill City Oil Co., Inc., 2002 WL 1483879, Jun. 26, 2002 (W.D. Tenn.2002); McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995).

The answer to this apparent conundrum is that the subpoena must issue from the Central District of Illinois, but it can only compel production within this District. Because the subpoena purports to command production outside of this District, it is facially invalid and must therefore be quashed.

Mr. Dean also argues the relevance of the documents sought. Because it appears likely that plaintiff will proceed to re-issue a proper subpoena, the Court will address this issue at this time.

To the extent that Dean's argument asserts that the documents are not discoverable because they are inadmissible, the motion to quash is denied. The test for discoverability is not whether the documents themselves are admissible but rather whether they are relevant to the subject matter of the litigation and are reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Mr. Dean's primary argument is that these documents cannot lead to such admissible evidence so they are not discoverable. According to plaintiff, however, knowledge by Jackson State that Mr. Dean had engaged in misconduct at Bradley would be relevant to the employer's actions to prevent similar misconduct at Jackson State.

Dean cites two cases that he argues stand for the proposition that seeking information from prior employers is necessarily nothing more than a fishing expedition. I disagree with his characterization of these cases and the scope of their holdings.

In Bond v. Utreras, 2006 WL 695447, March 10, 2006 (N.D. Ill.), plaintiff brought suit for excessive force against police officers. He then sought disciplinary records from prior employers of the police officers. The court noted that the officers had been with current

employer for 6-7 years before the alleged misconduct.  Due in significant part to the remoteness in time, as well as the lack of any articulated reason to believe there were prior complaints, subpoena to the officers' former employers was quashed as a "fishing expedition."

While the Bond court did use the phrase "fishing expedition," it was in the context of a discussion of the specific facts presented, and in particular the remoteness in time of the prior employment.  Nothing before this Court suggests that Dean's tenure at Bradley was remote in time to his employment at Jackson State University.

In Premer v. Corestaff Svcs., 232 F.R.D. 692 (M.D. Fla. 2005), the defendant employer served subpoenas on former employers of the plaintiff, seeking production of plaintiff's entire personnel and benefit files, disciplinary, performance, hiring records, compensation and benefits.  The court found the subpoena overly broad and held that it should have been limited to information relevant to the "after-acquired evidence" defense.  The court also noted that there was a discrepancy between plaintiff's employment application and her interrogatory answers, suggesting that the defense might have some merit.  But there was no reason to suspect that she had a history of complaining about discrimination or retaliation that would support discovery on such matters.

Premer does not stand for the proposition that no information from prior employers is discoverable. The Premer court specifically noted that some of the information sought would be relevant to one of the defenses and implicitly authorized a subpoena limited in scope to that issue.

I find that certain aspects of Mr. Dean's employment history - specifically, any documentation of any complaints of sexual harassment against him, any investigation into such complaints, and/or any discipline imposed as a result of such complaints - would be relevant to plaintiff's claim that Jackson State University knew about such history.  And

whether or not the documents themselves would be admissible, information about prior misconduct could lead to other evidence about Jackson State's hiring practices or knowledge of any negative employment history that could well be admissible in a harassment and retaliation case.

To the extent that <u>Premer</u> suggests that a plaintiff must have some concrete basis for thinking that there may have been prior misconduct, I respectfully disagree. Plaintiff is entitled to a limited inquiry to ascertain whether there is such a basis.

Plaintiff may not compel production of Dean's entire personnel file and employment records. that would be a fishing expedition. To the extent that the subpoena sought documents other than those specified above, it was over broad. But Plaintiff is entitled to the limited inquiry discussed above.

As stated herein, the motion to quash [#3] is granted. Nothing in this Order shall be construed as a ruling on the admissibility of any documents that may be obtained from Bradley University.

ENTER this 23rd day of August 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE